60020. ATLANTA LIMOUSINE SERVICE, INC. v. NICHOLS.

SOGNIER, Judge.

Appellee Nichols was employed by appellant Atlanta Limousine Service, Inc. for a period of three months. Appellee contends that he was to be paid a salary plus commission. Appellant denies owing appellee any commission. Appellee filed the instant action to recover on the basis of contract or, in the alternative, quantum meruit. The case was tried without a jury and the trial court awarded appellee the sum of $4,171.29 upon his claim of quantum meruit. We affirm.

Appellant argues that the trial court's judgment in favor of appellee was excessive, without evidence to support it and contrary to law. The basis of appellant's contention is that the trial court erred in the method of computing the award. The trial court stated: ". . . the Plaintiff should be compensated 15% of the increase in revenues to the Defendant. Such increase shall be computed by taking an average of the revenue for the months of January, 1978 ($4,272.93), February, 1978 ($3,842.84), March, 1978 ($4,704.50). The average for these three months if [sic] $4,273.42. And then subtracting this average from the revenue for the months of April, 1978 ($11,634.82 or a difference of $7,361.40), May, 1978 ($13,280.20, or a difference of $9,006.78), and June, 1978 ($15,713.42, or a difference of $11,400.42). The total increase for these three months is $27,808.60."

In order to recover on the basis of quantum meruit, the appellee must prove that he has performed the work, that it has been received and is of benefit to the party receiving it. The appellee would then be entitled to the reasonable value of the services rendered. *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443, 444 (181 SE2d 303) (1971). The reasonable value of the work to the appellee is a question of fact to be determined from the evidence. *First Nat. Bank &c. Co. v. McNatt,* 141 Ga. App. 6, 8 (232 SE2d 356) (1977). There is ample evidence in the record to support the trial court's judgment. The

findings of a judge acting as a jury will not be disturbed if there is any evidence to support the verdict. *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978).

We do not find that the appeal was entered frivolously or for reasons of delay. The motion to impose damages under Code Ann. § 6-1801 is denied. *Pippin v. Brigadier Indus. Corp.,* 150 Ga. App. 401, 404 (258 SE2d 18) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 18, 1980.

*George N. Sparrow, Jr.,* for appellant.
*Glenville Haldi,* for appellee.