## 61208. TYLER v. BORLAND et al.

QUILLIAN, Chief Judge.

Action for attorney fees.

Appellant Tyler, an attorney, represented appellee Ronald Borland in a divorce proceeding. A divorce was granted and the decree provided that the use of the parties' real property, a house and lot to which they held title as tenants in common, would be given to the wife, appellee Judith Borland, and could be sold by agreement, or in the event of her remarriage or the youngest child reaching the age of 18 years, with one half of the proceeds going to Ronald Borland. After the divorce action was concluded, appellant filed an attorney's lien against Ronald Borland's interest in the real property. Subsequently appellant commenced this action against both of the Borlands to foreclose the attorney's lien on the property and for a money judgment against Ronald Borland for his fee. Appellee Judith Borland denied any liability and counterclaimed for damages for the expense caused her by being joined as an unnecessary party. Finding that the lien was defective, the trial court granted Ronald Borland's motion to dismiss appellant's complaint as to the attorney's lien. This appeal is taken from the grant of summary judgment to Judith Borland on appellant's complaint against her and the denial of appellant's motion to dismiss her counterclaim. *Held:*

1. Appellant contends that Mrs. Borland is a necessary and indispensable party because she has exclusive possession of real

property in Georgia in which Ronald Borland has an undivided half interest and that since Mr. Borland resides in Florida and is entitled to half the proceeds of the sale of the property if it is sold, Mrs. Borland would have to conduct a sale of the property and thus become a resulting trustee of Mr. Borland's share of the proceeds. Appellant claims that otherwise he would have no way of collecting his claim for a fee from Mr. Borland except through Mrs. Borland.

We find no merit in this contention. This court sent this case to the Supreme Court based on appellant's claim of resulting trust, that court having exclusive appellate jurisdiction over trusts. Code Ann. §§ 108-117, 2-3104; *Manget v. National City Bank,* 168 Ga. 876, 881 (149 SE 213). The Supreme Court returned the case to this court without action, an implicit determination that no trust was created.

Moreover, the facts of this case do not meet the requirements of Code Ann. § 108-106, concerning the creation of implied trusts, and the only way a trust could be found. There are also several ways in which appellant could proceed at law against Mr. Borland or his property to collect a judgment for his fee.

2. Appellant alleges error because the trial court did not dismiss Mrs. Borland's counterclaim for damages for the expense of defending against appellant's suit.

The only way a party in a suit of this nature may recover such expenses is under Code Ann. § 20-1404, which authorizes a jury award of expenses of litigation to a plaintiff on evidence that a defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. However, that statute is not available to defendants by way of a counterclaim. *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (3) (177 SE2d 167); *Hickman v. Frazier,* 128 Ga. App. 552 (1) (197 SE2d 441). Mrs. Borland presents no authority to support her counterclaim nor have we discovered any. Accordingly, the trial court erred in failing to dismiss the counterclaim.

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981.

*Alvin T. Wong,* for appellant.
*Quinton T. Hudson, John Walton Henderson, Jr.,* for appellees.