66600. RAVENWOOD CHURCH OF WICCA v. STARBRIGHT, INC.

SHULMAN, Chief Judge.
Appellant brought this action against appellee, alleging wrongful foreclosure, malicious abuse of process, and intentional

infliction of emotional distress. The trial court granted appellee's motion for summary judgment and ordered appellant to pay $2,500 in attorney fees. Appellant's appeal is based, in pertinent part, on its assertion that an issue of fact regarding appellee's bad faith remained for determination by a jury and that, in any event, the assessment of attorney fees was erroneous.

On June 7, 1978, the property in question was conveyed to appellant/Ravenwood Church of Wicca. On the same day, appellant executed a deed to secure debt to appellee/Starbright, Inc., wherein appellant agreed to "pay all taxes and assessments that may be liens upon the premises as they become due. . . ." On January 10, 1980, appellant filed suit in the Superior Court of Fulton County to enjoin assessment, levy, and execution of the city ad valorem taxes for the years 1978, 1979, and 1980, seeking tax exemption as a place of religious worship. On June 19, 1981, appellee mailed notice to appellant that Starbright, Inc., considered appellant's failure to pay city and county taxes an act of default under the terms of the deed to secure debt and urged immediate payment of the taxes due or otherwise foreclosure proceedings would be commenced. Appellant failed to pay the taxes in question; therefore, on July 30, 1981, appellee mailed appellant notice of acceleration of maturity, foreclosure, and intent to collect attorney fees. Appellant paid, under protest, the ad valorem property taxes on August 17, 1981, but appellee elected to continue the foreclosure proceedings. Appellant contends that this election was in direct contravention of an earlier agreement between it and appellee's attorney, but there is nothing in the record to substantiate this claim. Appellant filed a petition in the Superior Court of Fulton County which resulted in a temporary injunction regarding the foreclosure proceedings. On November 9, 1981, a Fulton County superior court judge issued a ruling in which he found as a matter of law that appellant was a religious organization, that the premises located on the property in question were extensively and predominantly used for religious purposes, and that the property was therefore exempt from ad valorem taxation. The Supreme Court subsequently affirmed the trial court's holding that appellant was exempt from property taxes by virtue of its religious character.

The present action was initiated on February 5, 1982, when appellant filed a complaint against appellee alleging appellant had been libelled and had suffered emotional distress and physical illness as a result of appellee's purported wrongful foreclosure and malicious abuse of process. The trial court's granting of appellee's motion for summary judgment ensued.

1. Appellant enumerates as error several rulings on the part of

the trial court that ultimately turn on the question of whether the taxes owed on the property were in fact legally due at the time the foreclosure proceedings were begun. Appellant claims that the Supreme Court's affirmance in *Roberts v. Ravenwood Church of Wicca*, 249 Ga. 348 (292 SE2d 657), of the trial court's ruling that appellant was a religious organization and exempt from ad valorem property taxes, acted retroactively to render the taxes not "legally due" any time prior to the court's decision. We disagree.

Appellant initiated the foreclosure proceedings several months *prior* to the final judgment entered by the Superior Court of Fulton County in favor of appellant against the Joint City-County Board of Tax Assessors. "That there is a dispute between the taxing authority and the taxpayer as to the correctness of the amount of taxes assessed is of no concern to the holder of a note and security deed. [Cit.] If the deed provides that failure to pay taxes accelerates the due date of the entire debt and authorizes a sale under the power, and there has been a failure to pay taxes, it follows that the acceleration and attempt to sell is expressly authorized by the deed. [Cit.]" *First Nat. Bank of Atlanta v. Blum*, 141 Ga. App. 485, 489 (233 SE2d 835). Appellant eventually paid the disputed taxes to the tax authority under protest, but this payment was *subsequent* to appellee's commencement of foreclosure proceedings.

If appellee had failed to protect his security interest in appellant's property, and appellant's tax exemption claim had been decided against it, appellee's security interest would be inferior to the taxing authority's claim against appellant for delinquent taxes. OCGA § 48-5-28 (a) (Code Ann. § 91A-1023). The exception in OCGA § 48-5-28 (b) (Code Ann. § 91A-1023) is inapplicable to the case at bar since that subsection applies only to situations where the tax lien is against property that is not "subject to the title and operation of the security deed." Therefore, even though the Supreme Court's affirmance of the trial court's ruling finally determined that appellant was exempt from taxation, it would be inequitable to penalize a mortgagee for protecting his interest in the mortgaged property before such final determination of the mortgagor's tax liability. We believe that the taxes were legally due until the payment of the taxes under protest by appellant in August of 1981. Accordingly, no material issue of fact remained and, thus, appellant was entitled to judgment as a matter of law. OCGA § 9-11-56 (Code Ann. § 81A-156).

2. Appellant argues that even if the granting of appellee's motion for summary judgment was not in error, the trial court erred in ordering appellant to pay $2,500 in attorney fees to appellee. Appellee cites OCGA § 9-11-56 (g) (Code Ann. § 81A-156) as support

for its recovery. However, this reliance is ill-founded because this subsection only applies when a party to a lawsuit files a motion for summary judgment and it becomes apparent that the motion was filed in bad faith or solely for the purpose of delay. This is obviously not the situation in the case at bar, since it was appellee who filed for summary judgment. If appellee is allowed to recover attorney fees, it would have to be pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404). It is well settled that this Code section is generally restricted to *plaintiffs. Tyler v. Borland,* 157 Ga. App. 332 (2) (277 SE2d 325). The limited situations where a defendant may recover attorney fees under OCGA § 13-6-11 (Code Ann. § 20-1404) are discussed in *Ballenger Corp. v. Dresco &c. Contractors, Inc.,* 156 Ga. App. 425 (1) (274 SE2d 786). The very purpose of OCGA § 13-6-11 (Code Ann. § 20-1404) is to prevent the recovery of attorney fees in situations identical to the instant case where the recovery would amount to a successful counterclaim against the plaintiff merely for filing suit. *Ballenger Corp.,* supra, p. 431. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey & Phillips,* 131 Ga. 440, 443 (62 SE 527). The trial court erred in awarding the attorney fees to appellee.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 16, 1983.

*Thomas E. Maddox, Jr.,* for appellant.
*Fred Lerner,* for appellee.