## A01A1071. AUSTIN v. COHEN.
### (554 SE2d 312)

BLACKBURN, Chief Judge.

In this action for fraud and conversion, William R. Austin appeals the trial court's grant of summary judgment to Ronnie Cohen, contending that genuine issues of fact remain regarding a fraudulent investment scheme perpetrated by Cohen. Because Austin failed to carry his burden of proof below and failed to make cogent arguments on appeal, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*[1]

Although Austin maintains that summary judgment was improper in this case, he provides no specific argument, no case law and no citations to the record to support his contention, thereby violating Court of Appeals Rule 27 (c) (2). To the contrary, Austin provides only general citations regarding the standard of review in summary judgment cases and then asks this Court to blindly search the entire record. " 'We have repeatedly held that it is not the function o this court to cull the record on behalf of a party.' " *Chastain v. State.*[2] Therefore, due to the absence of any arguments, relevant case law, or citations to the transcript, Austin's arguments are deemed abandoned. Court of Appeals Rule 27 (c) (2).

As Austin's vaguely drafted contentions are unsupported, this Court must affirm in any event.

> [Here], the enumerations [and brief] do not point to distinct errors of law and do not set forth cogent argument and citation of authorities. See OCGA § 5-6-40; Court of Appeals Rule 27 [(a)] (1), (3). Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. While our goal is to directly address the specific issues raised on appeal, where, as in [this] case . . . , the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Chastain v. State*, 237 Ga. App. 640 (516 SE2d 362) (1999).

contentions presented are argued generally, we must necessarily answer these questions in a similar fashion.

(Citation and punctuation omitted.) *Bennett v. Moody*.[3] As a general matter, our review has revealed no competent evidence contained within the record supporting Austin's claims.

Finally, we note that, in addition to arguing that the trial court improperly granted summary judgment to Cohen, Austin also contends that the trial court erred by vacating an order to compel Cohen to comply with certain discovery requests. Again, Austin provides no cogent argument supporting this claim, and, accordingly, it is also deemed abandoned. Court of Appeals Rule 27 (c) (2). Moreover, Austin has not appealed the trial court's order regarding discovery. His notice of appeal indicates that he is appealing only the trial court's order granting summary judgment to Cohen. And, once more, even if Austin's contentions were not abandoned and were presently before this Court, the record does not show any abuse of discretion by the trial court in marshaling the discovery process in this case.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

D<small>ECIDED</small> A<small>UGUST</small> 23, 2001 —<br>
R<small>ECONSIDERATION DENIED</small> S<small>EPTEMBER</small> 14, 2001 — 

*Arthur J. Shelfer, Jr.*, for appellant.
*T. Mark Thedieck*, for appellee.

---

[3] *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997).