### A03A0897. RICHARDSON et al. v. VAUGHN.
(581 SE2d 689)

BLACKBURN, Presiding Judge.

In this suit over payment on a promissory note and a related stock purchase agreement, Mark and Sandra Richardson appeal the jury's verdict in favor of Jerry Vaughn, contending that, because the promissory note and stock purchase agreement were ambiguous, both the jury's verdict and the trial court's denial of their counterclaim that Vaughn had defrauded them were erroneous decisions. For the reasons set forth below, we affirm.

After a jury returns a verdict and the trial judge approves it, it "must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence." (Punctuation omitted.) *Bldg. Materials Wholesale v. Reeves.*[1]

Viewed in the light most favorable to the verdict, the record shows that the Richardsons entered into an agreement with Vaughn to purchase his interest in a beauty school named Metropolitan School of Hair Design (School) for a total of $50,000. At the time of the purchase, the School was experiencing dire financial difficulties and was being held in a receivership by Embry National Bank.

Two instruments were used to effectuate the purchase. First, on January 3, 2000, Mark Richardson and Vaughn executed a stock purchase agreement in which Vaughn assigned 250 shares of stock in the School to Mark Richardson in return for $50,000, payable in installments. Sandra Richardson was not a party to the stock purchase agreement. Second, on January 14, 2000, both of the Richardsons signed a promissory note in favor of Vaughn, jointly promising to pay $25,000 in several installments.

The promissory note plainly indicates that both of the Richardsons agreed to pay Vaughn $25,000 in three installments between April 15, 2000, and June 15, 2000. The note also states: "In case this note is collected by law, or through an attorney at law, all costs of collection, including fifteen percent (15%) of the principal and interest as attorney[ ] fees, shall be paid by the maker hereof."

The Richardsons failed to complete the payments under either of the two instruments, and, on August 17, 2000, Vaughn filed suit

---

[1] *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993).

against them. In his complaint, Vaughn argued that Mark Richardson was responsible for paying the balance owed pursuant to the stock purchase agreement and both Mark and Sandra Richardson were responsible for paying the balance owed on the promissory note. The Richardsons counterclaimed that they should not be required to satisfy their obligations because Vaughn fraudulently withheld information concerning the School's liabilities prior to the sale. The trial court, however, did not allow the Richardsons to pursue their claims of fraudulent inducement as a counterclaim, but did allow them to assert fraud as a defense. The jury, however, rejected this defense made by the Richardsons, and found that the Richardsons were liable to Vaughn on the promissory note for $25,000. The jurors also found that the Richardsons were responsible for paying attorney fees expended by Vaughn to collect on the note.

This verdict was proper and supported by the evidence. The record contains an unambiguous promissory note, signed by both of the Richardsons, in which they clearly obligated themselves to pay Vaughn $25,000. The note also states that, should Vaughn be required to file suit to collect, the Richardsons would be responsible for paying his attorney fees. As this valid, binding note is contained in the record, the jury's verdict was amply supported. And, the jurors were authorized to reject the Richardsons' defense of fraudulent inducement. Although they contended that they were not informed of all the past due obligations of the School prior to the sale, it is undisputed that they had ample opportunity to explore these matters with the School's receiver, Embry National Bank. Accordingly, the Richardsons' claim that the jury's verdict was unsupported must fail. For the same reason, the trial court did not abuse its discretion in denying the Richardsons' counterclaim for fraud.

The record clearly supports the jury's finding that the Richardsons knowingly entered into an unambiguous promissory note with Vaughn. As such, the Richardsons must fulfill the obligations they agreed to therein.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED APRIL 29, 2003.

*Prince A. Brumfield, Jr.*, for appellants.
*Mark V. Clark*, for appellee.