A03A1665. NEXTEL SOUTH CORPORATION v. R. A. CLARK CONSULTING, LTD.
(596 SE2d 416)

MIKELL, Judge.

R. A. Clark Consulting, Ltd. ("Clark"), an executive search firm, sued Nextel South Corporation d/b/a Nextel Communications ("Nextel"), on alternate grounds, for breach of contract and quantum meruit, arising out of Clark's placement of an employee at Nextel. Following a bench trial, Nextel appeals the court's entry of judgment in favor of Clark on its claim for quantum meruit and the court's award of attorney fees. For the reasons set forth below, we affirm the quantum meruit award, but reverse the award of attorney fees.

Evidence adduced at trial shows that in December, 2000, Nextel contacted Clark and several other search firms about conducting a search for an employment manager for its Atlanta call center. Nextel also placed its own advertisements for the position. From December, 2000, until June, 2001, Clark placed advertisements for the position, and screened, evaluated and interviewed over 300 candidates. The parties did not sign a fee agreement.

Clark provided to Nextel over fifteen candidate summaries, including one for Dan Sax. Nextel hired Sax for the position at an annual salary of $75,000. Sax started work on June 25, 2001, and tendered his resignation on July 31, 2001. Clark spent six weeks searching for a replacement, but stopped in September, 2001, when Nextel terminated its relationship with Clark. In October, 2001, Nextel found someone to replace Sax.

Richard A. Clark, Clark's sole shareholder, director and officer, testified that he sent to Nextel an invoice for $18,750, or 25 percent

of Sax's annual salary. Mr. Clark testified that in a typical contingent relationship, his fee was earned as soon as the individual accepted employment and began working. When asked what happens if an individual leaves, Mr. Clark testified that, "typically around 90 days there is an obligation to replace that individual [free of charge] . . . following that, typically there's no obligation."

Cheryl Wright, Nextel's director of human resources, testified that she eventually received an invoice from Clark, but decided not to pay it. Wright testified that Nextel's typical fee agreement with a search firm provided that Nextel would pay the search firm 20 percent of the annual salary, however, "Nextel may elect to receive a full refund of all fees paid, if the selected candidate ceases to be employed by Nextel for any reason during the first 90 days of the candidate's employment with Nextel [or Nextel could ask the search firm to find a replacement]." Wright acknowledged that if the parties had signed an agreement, she would have paid Clark $15,000, or 20 percent of Sax's annual salary, and then sought a refund. Wright also testified that because of Sax's departure, Nextel incurred costs for reassigning his work and advertising for, and interviewing, a replacement.

The trial court found that the parties had not entered into a written fee agreement and entered judgment in favor of Clark for $15,000 for services rendered. The trial court based the amount on what Nextel would have paid under its own fee agreement. The trial court also awarded attorney fees to Clark in the amount of $5,400. Nextel contends that there is insufficient evidence to support an award for quantum meruit and that there is no evidence that Nextel acted in bad faith or was stubbornly litigious.

1. Clark's motion to dismiss this appeal due to Nextel's late filing of its enumerations of error and brief is denied. Court of Appeals Rule 26 (a).

2. Nextel contends that the trial court erred in finding that Nextel received a benefit from Clark's placement of Sax. Wright testified that even though Sax was paid for five weeks of work, he took two weeks of vacation and started work on a compensation project, which he did not complete. When Sax left, his work had to be reassigned, and Nextel had to start the hiring process again.

To recover on quantum meruit, Clark must show (1) its performance of services valuable to Nextel; (2) either at the request of Nextel or knowingly accepted by Nextel; (3) Nextel's receipt of which without compensating Clark would be unjust; and (4) Clark's expectation of compensation at the time of the rendition of the services. See *Razavi v. Shackelford*, 260 Ga. App. 603, 605-606 (2) (580 SE2d 253) (2003). See also OCGA § 9-2-7.

Quantum meruit literally means "as much as he deserves." It is an equitable doctrine based on the concept that no one who benefits from the labor and materials of another should be unjustly enriched thereby. Where quantum meruit is applicable, the provider may recover the reasonable value of goods or services transferred, but value is defined in terms of value to the recipient.

(Citation omitted.) *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 863 (2) (589 SE2d 626) (2003). We will not reverse the trial court's ruling if any evidence in the record supports it. *Atlanta Limousine Svc. v. Nichols*, 155 Ga. App. 742-743 (272 SE2d 584) (1980).

Here, there was evidence from which the trial court could conclude that Clark's services had value to Nextel. Clark spent months evaluating possible candidates on behalf of Nextel at Nextel's request, thus relieving Nextel of the arduous task. Moreover, Nextel hired a candidate specifically placed by Clark. Contrary to Nextel's contention, the fact that Sax was paid for five weeks, two of which he spent on vacation, but never completed the project that he began, does not mean that Clark provided no benefit to Nextel. See, e.g., *Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26, 29 (3) (338 SE2d 496) (1985) (quantum meruit award to architect was authorized as "the jury was not bound by the [clients'] self-serving testimony that the [architect's] services were worthless, particularly in view of the evidence that the plans had been prepared under [the client's] direct guidance and had received her initial approval"). Moreover, the record shows that Clark worked for six weeks to find a replacement, and stopped only when Nextel terminated their relationship.

3. Nextel contends that the trial court erred in finding that Clark's services had a reasonable value of $15,000.

The measure of damages in quantum meruit is the reasonable value of the services rendered to the recipient. *Centre Pointe Investments v. Frank M. Darby Co.*, 249 Ga. App. 782, 786 (2) (549 SE2d 435) (2001) (even though the jury rejected plaintiff's breach of contract claim, the commission calculation provided by plaintiff's standard agreement was prima facie proof of the value of plaintiff's services). "Value, as any other matter to be proved, may be shown circumstantially or inferentially as well as directly or positively." (Punctuation and footnote omitted.) Id.

Both Mr. Clark and Wright testified about their typical fee arrangements. Mr. Clark testified that his fee of 25 percent of the annual salary was earned as soon as the individual accepted employment and began working, but acknowledged Clark's obligation to replace an individual who resigns before completing 90 days on the job. In this case, Nextel terminated Clark before Clark could replace

Sax. Mr. Clark also testified that his company incurred out-of-pocket expenses for advertising and estimated $5,000 to $6,000 of "hard expense." Wright testified that Nextel's typical fee agreement with a search firm provided that when certain conditions were met, Nextel would pay the search firm 20 percent of the annual salary, which Nextel would have paid Clark had they signed an agreement. This testimony was sufficient to support the trial court's award. Because the parties never signed a fee agreement, we reject Nextel's contention that any contingency fee was expressly conditioned on successful placement, i.e., 90 days on the job.

4. Nextel contends that the award of attorney fees to Clark was unjustified because there was no evidence that Nextel acted in bad faith, and there was a bona fide controversy between the parties. We agree.

OCGA § 13-6-11 permits a plaintiff to recover attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

> But[,] where a bona fide controversy exists, a recovery under this Code section is impermissible unless there is evidence that the defendant has acted in bad faith in the underlying transaction. While issues of stubborn litigiousness are normally for the jury, if there is a *bona fide* controversy, there can be no stubborn litigiousness as a matter of law.

(Punctuation and footnotes omitted.) *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 144 (5) (589 SE2d 711) (2003). Bad faith cannot be based on a mere refusal to pay a just debt. *Centre Pointe*, supra at 787 (4).

In this case, Nextel prevailed on its breach of contract defense. Moreover, whether or not Clark was entitled to recover in quantum meruit was a bona fide controversy. The evidence does not establish that Nextel acted in bad faith or was stubbornly litigious. Accordingly, we reverse the trial court's award of attorney fees.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur. Eldridge, J., not participating.*

DECIDED MARCH 4, 2004.

*Jeffrey L. Berhold*, for appellant.
*Hanes & Thomasson, Richard E. Thomasson,* for appellee.