A05A2037, A05A2038. DENNIS-SMITH et al. v. FREEMAN et al.;
and vice versa.
(627 SE2d 872)

PHIPPS, Judge.

Ronald and Gwendolyn Freeman bought a lot in a subdivision owned and developed by Tyronne Smith and Rachelle Dennis-Smith ("the Smiths"), who agreed to build them a house there. After completing construction, the Smiths sued the Freemans, alleging that they had failed to pay the entire amount due. The Freemans counterclaimed for breach of contract and breach of warranty, alleging — among other things — that the Smiths had built the house partially on an adjacent lot and therefore owed them additional land.[1] A jury awarded each side $1 in actual damages. It also awarded the Freemans a portion of the adjacent lot and $10,000 in attorney fees.

In Case No. A05A2037, the Smiths appeal, arguing that the evidence did not justify an award of attorney fees for the Freemans. In Case No. A05A2038, the Freemans appeal, arguing that the jury should have awarded them more land, greater actual damages, and more attorney fees. We consolidate the cases for consideration on appeal. Because the evidence supported the jury award of damages and land to the Freemans, we affirm in Case No. A05A2038. But because the evidence did not support the Freemans' attorney fees award, we reverse in Case No. A05A2037.

1. It was undisputed at trial that, due to the Smiths' mistake, part of the Freemans' home encroached on an adjacent lot. Before litigation began, the Smiths suggested correcting the problem by deeding the Freemans a portion of the adjacent lot that would include the encroaching part of their home plus enough additional land to satisfy any setback requirements. The Freemans, however, wanted a larger portion of the adjacent lot, to encompass a playground and retaining wall they had built there. The jury was given a choice of which portion to award the Freemans — the smaller one proposed by

---

[1] The Freemans also asserted a counterclaim for fraud, but they voluntarily dismissed it during trial.

the Smiths, or the larger one proposed by the Freemans. The jury chose the Smiths' proposal.

The Freemans argue that the court erred by awarding them the smaller portion, but they provide no specific argument, no case law, and no citations to the record to support this contention. Thus, the Freemans have violated Court of Appeals Rule 25 (c),[2] and their argument is deemed abandoned.[3]

Even if the Freemans had not abandoned the argument, we would still find it unavailing. "After a jury returns a verdict and the trial judge approves it, it must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence."[4] After hearing evidence about the extent of the encroachment and the parties' failed attempts to resolve it, the jury concluded that the Freemans were not entitled to any larger portion of the adjoining lot than that offered by the Smiths. We discern no basis for setting aside the jury's verdict.[5]

2. The Freemans assert — again, without citation to the record or to authority — that they were entitled to the full amount of damages they sought on their counterclaims for breach of contract and breach of warranty.

> The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. . . . The trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence.[6]

The Freemans point to no evidence, compelling or otherwise, that the jury's award of $1 in nominal damages on their counterclaims was flagrantly inadequate. Therefore, we affirm it.[7]

3. Both sides take issue with the jury's award of $10,000 in attorney fees to the Freemans. The Smiths contend that the evidence

---

[2] Rule 25 (c) (2) provides: "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."

[3] See *Austin v. Cohen*, 251 Ga. App. 548 (554 SE2d 312) (2001).

[4] *Richardson v. Vaughn*, 261 Ga. App. 60 (581 SE2d 689) (2003) (citation, punctuation and footnote omitted).

[5] See, e.g., *Hazlip v. Morris*, 242 Ga. 7, 8 (247 SE2d 747) (1978).

[6] *McCormick v. Harris*, 253 Ga. App. 417, 418-419 (3) (559 SE2d 158) (2002) (citations omitted).

[7] See *Foist v. Atlanta Big Boy Mgmt.*, 166 Ga. App. 304, 306 (2) (304 SE2d 111) (1983).

did not authorize any award of attorney fees; the Freemans argue that the jury should have given them more. We agree with the Smiths.

Under OCGA § 13-6-11, litigation expenses, including attorney fees, may be recovered where the plaintiff has specially pleaded them and where the defendant has (1) acted in bad faith, (2) been stubbornly litigious, or (3) caused the plaintiff unnecessary trouble and expense. Such expenses also are available to a defendant who prevails on an independent counterclaim against the plaintiff,[8] but the Freemans fail to show that they met any of the three statutory conditions necessary to authorize an award.

They point to no evidence that the Smiths acted in bad faith.

> Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in [counterclaim] defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the [counterclaim] plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.[9]

The Freemans insist that the Smiths acted in bad faith by not admitting until trial that they were responsible for the faulty placement of the Freemans' house. But Dennis-Smith testified that she did not discover the error in the placement of the house until after it had been built, and she then offered — before the litigation began — to deed the Freemans additional property to fix the problem. Dennis-Smith also testified that the Freemans rejected her offer and wanted more land. Elvan Aycock, a civil engineer and land surveyor hired by the Freemans, testified that the additional land offered by the Smiths was sufficient to comply with setback requirements, and the jury obviously agreed that the Smiths' offer was sufficient. As we held in Division 1, the evidence supports the jury's verdict. Under these circumstances, we find no evidence of bad faith.

Nor does the record support a finding that the Smiths engaged in stubborn litigiousness or caused the Freemans unnecessary trouble and expense. As a matter of law, none of these conditions can exist if there is a genuine dispute between the parties.[10] The Freemans argue

---

[8] *Gardner v. Kinney*, 230 Ga. App. 771, 772 (498 SE2d 312) (1998).

[9] *M & H Constr. Co. v. North Fulton Dev. Corp.*, 238 Ga. App. 713, 715 (1) (519 SE2d 287) (1999) (citations and punctuation omitted).

[10] See *Nextel South Corp. v. R. A. Clark Consulting*, 266 Ga. App. 85, 88 (4) (596 SE2d 416) (2004); *4WD Parts Center v. Mackendrick*, 260 Ga. App. 340, 345 (2) (c) (579 SE2d 772) (2003).

that there was no genuine dispute that the Smiths had built their house in the wrong place. The issue, however, was not whether encroachment had occurred, but the appropriate remedy for it. There plainly *was* a genuine dispute over how much land the Freemans should get.

The Freemans also argue that there was no genuine dispute that the Smiths "knew that they had not completed the work on [the Freemans'] home but they still sought to recover sums to which they were not entitled. They were the ones who initiated a lawsuit causing [the Freemans] to participate, despite their reluctance to do so." But OCGA § 13-6-11 does not permit the recovery of expenses incurred in *defending* a lawsuit.[11] The Freemans were eligible to recover only those expenses incurred in prosecuting their counterclaim. Because they fail to show the absence of a genuine dispute on the issues in the counterclaim, we reverse the award of attorney fees to them.[12]

*Judgment reversed in Case No. A05A2037. Judgment affirmed in Case No. A05A2038. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 1, 2006.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Sharla A. Barlow, Nicholas S. Papleacos, David C. Moulds*, for appellants.
*Johnson & Freeman, Maureen M. McLeod, Troutman Sanders, William W. Hopson, John D. Mura, Jr.*, for appellees.

[11] *Ravenwood Church of Wicca v. Starbright, Inc.*, 168 Ga. App. 870, 873 (2) (310 SE2d 582) (1983).

[12] See *Gunnin v. Parker*, 194 Ga. App. 426, 427 (1) (390 SE2d 596) (1990).