**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 16, 2022**

# In the Court of Appeals of Georgia

A22A0440. ELLIS v. OLES et al.

McFADDEN, Presiding Judge.

This case arises from a dispute about an attorney's representation of the appellant in a domestic relations matter. Appellant Tatyana Ellis appeals from an order granting summary judgment to her former attorney, David Oles, and his law firm, rejecting her tort claims against them and entering a judgment against her on their counterclaim for fees. Ellis has not shown reversible error. So we affirm.

1. *Factual background.*

Ellis hired Oles to represent her in certain domestic relations matters. The engagement was terminated less than six months later.

Ellis filed the instant action against Oles and his law practice (together "Oles"), alleging intentional breaches of fiduciary duty and fraud. Oles filed a counterclaim

for breach of contract, seeking more than $25,000 in unpaid fees as well as the recovery of litigation expenses.

The parties filed cross-motions for summary judgment. The trial court granted Oles's motion and denied Ellis's motion. Ellis then filed this direct appeal.

2. *The order granting summary judgment was subject to direct appeal*.

Ellis argues that the trial court erred by labeling the summary judgment order "final" because an issue remains pending below: the amount of litigation expenses to be awarded to Oles. And because the summary judgment order is not a final order, Ellis argues, the order was not subject to direct appeal, we lack jurisdiction, and we must remand the case to the trial court. We disagree.[1]

Regardless of whether the order was final, we nonetheless have jurisdiction over the appeal. Under OCGA § 9-11-56 (h), orders granting summary judgment, even if issues remain pending, are directly and immediately appealable. *Nugent v. Myles*, 350 Ga. App. 442, 444 (1) n.4 (829 SE2d 623) (2019). See also *Edokpolor*, 302 Ga. at 735 n.1 ("It is undisputed that the plaintiffs could have immediately

---

[1]We previously denied Ellis's motions to remand or dismiss her appeal on this ground. We noted that should Ellis choose not to pursue her appeal, she could file a motion for permission to withdraw it pursuant to Court of Appeals Rule 41 (g) (1), which we would consider in due course after allowing Oles time to respond. As of March 14, 2022, Ellis had not filed a motion for permission to withdraw her appeal.

appealed the order that granted summary judgment to [defendant] even though the issue of expenses remained pending.") (emphasis omitted). Contrary to Ellis's assertion, we have jurisdiction over this appeal.

3. *Lack of a hearing*.

Ellis argues that the trial court erred by ruling on the summary judgment motions without conducting a hearing. We disagree.

In March 2020, Ellis filed a pleading entitled, "Motion to Request Leave of Court to File a Sur Reply to Defendants['] Reply to Plaintiff's Opposition to Summary Judgment or in the Alternative Grant an Oral Hearing on the Matter of Summary Judgment," in which she requested "leave of court to request an oral hearing" on the cross-motions for summary judgment. After postponements, the trial court ultimately scheduled a hearing on the cross-motions for summary judgment for December 14, 2020. But on December 9, Ellis filed a notice of appeal of an earlier order, so the trial court, with the parties' consent, stayed all proceedings effective that date and cancelled the scheduled hearing.

We dismissed that appeal because of Ellis's failure to follow the interlocutory appeal procedure. Less than three months later, without having conducted a hearing, the trial court entered the order on the cross-motions for summary judgment.

> A trial court shall permit oral argument on a motion for summary judgment
>
> upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing." Uniform Superior Court Rule 6.3. We have held before that the failure to hold a hearing on a motion for summary judgment is not error if the party requesting a hearing fails to comply with Uniform Superior Court Rule 6.3, which requires that any such request be made by a separate and distinct pleading.

*Grot v. Capital One Bank (USA)*, 317 Ga. App. 786, 792 (5) (732 SE2d 305) (2012) (citation and punctuation omitted). Ellis has not shown by the record that, after the trial court cancelled the scheduled hearing—in accordance with the parties' consent to stay all proceedings—she complied with Uniform Superior Court Rule 6.3 by filing a "written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing' . . . . " *Grot*, 317 Ga. App. at 792 (5) (citation and punctuation omitted). So she has not shown that the trial court erred by failing to conduct a hearing on the cross-motions for summary judgment. Cf. *Holladay v. Cumming Family Medicine*, 348 Ga. App. 354, 355 (823 SE2d 45) (2019) (appellant had the right to rely on a summary judgment hearing date, scheduled in trial court's rule nisi upon appellee's request for a hearing, until the trial court vacated or withdrew the rule nisi).

4. *Motion for recusal*.

Ellis argues that the trial court erred by construing her motion to recuse, filed three days after the trial court had denied her original motion to recuse, as a motion for reconsideration. Had the trial court properly considered the motion as a motion to recuse, according to Ellis, the trial court would have considered new facts. Ellis does not describe what facts she contends the trial court should have, but did not, consider. She has not shown reversible error.

Ellis also enumerates that the trial court erred by failing to take "all of [her] arguments as true and [to] evaluat[e] them pursuant to a fair-minded person in ruling on [her] motion for recusal." Uniform Superior Court Rule 25.3 does require a judge, when determining whether recusal is warranted, to assume as true the facts alleged in an affidavit accompanying a motion to recuse. Unif. Sup. Ct. R. 25.3. But Ellis fails to describe the facts alleged in the affidavit that she contends the trial court did not consider as true. And in accordance with the presumption of regularity, we must presume that the trial court properly performed her duty. *Westmoreland v. State*, 287 Ga. 688, 696-697 (10) (699 SE2d 13) (2010). Ellis has not rebutted this presumption. Ellis's "enumeration[] and brief do not point to distinct errors of law and do not set forth cogent argument and citation of authorities." *Austin v. Cohen*, 251 Ga. App. 548

5

(554 SE2d 312) (2001) (citations and punctuation omitted). So Ellis has not shown reversible error. Id. at 548-549.

5. *Trial court's alleged argumentative conduct.*

Ellis enumerates that the trial court erred when "it engaged in argumentative conduct in responding to summary [judgment]." She argues that "[w]hen the [t]rial [c]ourt responded to [her] first motion for summary [judgment], by altering, omitting, and/or recasting [her] pleadings/allegations in her [o]rder on recusal, the [c]ourt engaged in argumentative conduct contrary to the Rules of USCR 25." Ellis does not explain how the trial court's order denying her motion to recuse had any bearing on the order on summary judgment. She has not shown reversible error.

6. *Expert affidavit.*

Ellis argues that the trial court erred by striking her expert affidavit absent a finding that she had failed to comply with a court order or had failed to supplement her discovery responses. Pretermitting whether the trial court erred by failing to consider the affidavit, Ellis has not shown harm.

The trial court declined to consider Ellis's expert affidavit because Oles "had no opportunity to respond," and because Ellis submitted the affidavit after she had filed her motions for summary judgment and without obtaining leave of court.

6

But Ellis filed the affidavit as an exhibit to her brief "*in opposition* of Oles's motion for summary judgment" in which she argued that Oles was not entitled to summary judgment on either her claims or his counterclaims. (Emphasis supplied.) We are not aware of a deadline for filing affidavits in opposition to summary judgment when no hearing is scheduled. Cf. *SJN Properties, LLC v. Fulton County Bd. of Assessors*, 296 Ga. 793, 796 (1) (770 SE2d 832) (2015) ("OCGA § 9-11-56 (c) authorizes a party against whom a summary judgment motion has been filed to serve affidavits in opposition to the motion at any time 'prior to the day of hearing.'"). And a trial court abuses "its discretion by excluding a witness solely because the witness was identified after the deadline set in a scheduling, discovery, and/or case management order," including in the context of summary judgment. *Lee v. Smith*, 307 Ga. 815, 823 (2) (838 SE2d 870) (2020) (overruling *Moore v. Cottrell, Inc.*, 334 Ga. App. 791, 794 (2) (780 SE2d 442) (2015), to the extent it held that the trial court did not abuse its discretion by striking an expert affidavit submitted in opposition to summary judgment solely because the plaintiffs identified the expert witness after the deadline in the trial court's scheduling order).

But assuming for purposes of this appeal that the trial court erred in excluding the affidavit of her expert witness, Ellis has not shown that the exclusion was

harmful. The affidavit concerned two issues: Oles's alleged breach of the minimum requisite standard of care in handling a deposition and Oles's alleged overbilling.

As for the expert's averments about the breach of the standard of care relating to the deposition, in her amended complaint, Ellis alleged that Oles committed intentional breaches of fiduciary duties (aggravated by fraud) by failing to attend the scheduled deposition without obtaining a protective order from the court. (Ellis consistently has asserted that all of her allegations of breaches of fiduciary duty are allegations of intentional torts, not malpractice, and she did not file an expert affidavit as required under OCGA § 9-11-9.1 to support malpractice complaints.)

But Oles and his law practice presented evidence—attorney Oles's own testimony—that he never acted with the intent to breach any duties owed to Ellis. And in his affidavit, Ellis's expert does not testify whatsoever about Oles's intent. See generally *SJN Properties*, 296 Ga. at 796 (1) (considering erroneously struck affidavits in de novo appellate review of the evidence in affirming summary judgment). So Ellis has not shown that the expert affidavit created a question of material fact on her claims for intentional breaches of fiduciary duties.

Nor does the affidavit create a question of material fact on Ellis's claim that Oles overbilled her. The expert refers in his affidavit to having reviewed

8

"documentation," including "the billing and evidence provided by [Ellis]," and concludes that the amount of time Oles spent on certain, specific tasks is unreasonable. But he attaches to his affidavit none of the documentation, billing, or evidence upon which he relied to reach his conclusion; he does not refer to specific documents; and there is no indication that the documents upon which he relied were served with the affidavit. (We observe that included in Ellis's 817-page filing in opposition to Oles's summary judgment motion—the filing that included the expert's affidavit—are some documents that may be billing statements and invoices, but they are included without context or identifying information; it is not clear that they are the documents to which the expert refers.)

OCGA § 9-11-56 (e) requires that copies of all papers referred to in an affidavit shall be attached to the affidavit or served therewith. "Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient." *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991) (citation omitted). "Since the records were not attached to the [expert's] affidavit or otherwise identified by their location in the evidence admitted of record, the references to these records cannot be used to contest the summary judgment motion." *Lance v. Elliott*, 202 Ga.

9

App. 164, 167 (413 SE2d 486) (1991). "While the documents and information reviewed by [the expert] may be part of the record, the specific documents and information relied upon were not listed or otherwise identified in [the] affidavit. Accordingly, the affidavit[ ] lack[s] probative value [on this issue]." *Demere Marsh Assocs., LLC v. Boatright Roofing & Gen. Contracting*, 343 Ga. App. 235, 244 (1) n.6 (808 SE2d 1) (2017).

So the expert's affidavit does not create an issue of fact sufficient to defeat Oles's entitlement to summary judgment, and any trial court error in refusing to consider the affidavit was not harmful.

7. *Alleged failure to incorporate facts*.

Ellis argues the trial court erred by failing to incorporate any of the facts asserted in her verified "Plaintiff's Sur Reply to Defendants Response to Plaintiff's Opposition to Defendants Motion for Summary Judgment." She fails to point to record citations of specific items of evidence that she contends create a question of material fact. She has thus not shown error.

8. *Summary judgment*.

Ellis argues that the trial court erred in awarding Oles attorney fees because Oles "never apprised her of her legal rights regarding attorney fees in Georgia." She

10

does not dispute that she signed a binding contract engaging Oles, which outlined the fees that would be charged for representing her and explicitly stated that she would be obligated to pay attorney fees and costs Oles incurred in pursuing collection efforts. And she points to no law imposing a requirement upon an attorney to "apprise[ a client] of her legal rights regarding attorney fees" in order for a contract for legal services to be enforceable. Ellis has not shown reversible error.

*Judgment affirmed. Gobeil and Pinson, JJ., concur*.