## A01A1009. BOWEN BUILDERS GROUP, INC. et al. v. REED.
(555 SE2d 745)

SMITH, Presiding Judge.
Bowen Builders Group, Inc. and Appco Enterprises, Inc. (collectively "Bowen"), real estate developers, brought suit against Bobby Reed for breach of a real estate purchase and sale contract. Bowen alleged that Reed had breached provisions of the contract providing that all 43 lots sold by Reed would be "buildable lots" and that he would construct a playground on one lot. Reed raised several defenses and denied the breach, but his primary defense was that he was not the real party in interest, not being a party to the contract. After a bench trial, the trial court entered an order awarding judgment to Reed, and Bowen appeals. We find that Reed was a party to the contract, but that this is not dispositive of the issue of personal liability on the contract. Because the evidence at trial was in conflict regarding whether the parties intended that Reed be liable on the contract personally, and the trial court apparently found Reed's testimony more credible than that of Bowen, we affirm the judgment below.

The real estate sales contract does not mention the names of the parties in the body of the contract, simply referring to the parties as the "undersigned buyer" and the "undersigned seller." The signature

lines consist of lines for the respective signatures over lines for printing or typing the names of the parties. The signatures of the principals in the two appellant corporations appear over the names of the corporations (although, as pointed out by the trial court, the name of Bowen Builders Group, Inc., or BBG, is barely legible). The line under Reed's signature, however, is blank.

OCGA § 11-3-402 (b) (2) provides, in pertinent part:

[I]f the form of the signature does not show unambiguously that the signature is made in a representative capacity or the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument.

The instrument clearly was not signed in a representative capacity, nor was Bobby Reed Builders, Inc. named in the instrument, and Bowen is not a holder in due course. Under this Code section, Reed therefore is liable personally unless he proved at trial that all parties intended for him not to be liable.

We turn, then, to the evidence presented at trial. Reed testified that he was a developer and house builder and did septic tank work and grading. He was employed by Reed Builders, which had been in business since 1981. His corporation, Reed Builders, had owned the property in issue and sold it to Bowen. He testified that Reed Builders had sold property before to Scott Appling, the sole shareholder in Appco. The warranty deeds, which were introduced into evidence, show clearly that the property was sold by Reed Builders, as do the memorandum of closing and the settlement statement.

Appling testified that he had been an acquaintance of Reed for seven or eight years and "had known him very well for . . . three or four years." He testified that when the agreement was executed, "there was no talk of" Reed executing it on behalf of his corporation. When asked what his understanding was of "who was actually selling these lots to Appco and Bowen Builders," he replied, "I understood it to be Bobby Reed." He testified that Reed told him he would sell him the lots and he had "no way of knowing, other than when he signs his name Bobby Reed and he's selling me a piece of property, that he's not the owner." Appling admitted he had worked for Reed, but he testified he had worked for South Hall Builders, rather than Reed Builders. He also testified that although Reed's corporations did

grading for the development, the payments were made to Reed Grading & Septic Tank, rather than Reed Builders.

Given this conflicting evidence regarding the understanding of the parties, to determine the parties' intentions about Reed's personal liability it was necessary for the trial court, as the trier of fact, to weigh the credibility of the witnesses. The trial court's order does not reflect its reasoning on this issue. We could remand this case to the trial court to clarify its order, but we find that such a remand is unnecessary. Regardless of whether Reed was or was not a party to the contract, the dispositive issue is the intention of the parties, which is a matter of choosing between witnesses' conflicting testimony. The trial court's order implies a finding that the trial court, as the trier of fact, found incredible Bowen's claim that it was dealing only with Reed personally, given that the sale itself, as evidenced by the closing documents as well as the warranty deeds, was clearly from Reed Builders, as seller.

On appeal, we must construe the evidence most strongly to support the judgment. It is not our function to weigh the evidence or judge the witnesses' credibility. *Sanders v. Cowart*, 231 Ga. App. 303, 304 (2) (499 SE2d 103) (1998). It is the function of the trier of fact to resolve any conflicts in the testimony of witnesses. We cannot substitute this court's judgment for that of the trier of fact. *Camp v. EMSA, Ltd.*, 238 Ga. App. 482, 484 (518 SE2d 482) (1999). The trial court obviously determined that, given the other evidence, Reed's testimony was more credible and that the parties intended that Reed not be personally liable on the contract even though he did not sign it in a representative capacity. We will not substitute our judgment for that of the trial court. We therefore affirm the judgment.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 17, 2001.

*Mills & Moss, David C. Moss*, for appellants.
*Shawn D. Stafford, Timothy W. Hoffman*, for appellee.