## A04A0799. HALL v. GEORGIA DEPARTMENT OF TRANSPORTATION.
(604 SE2d 622)

BARNES, Judge.

Marcy Randall Hall appeals the judgment, based upon a jury verdict, awarding compensation in a condemnation action. Hall contends the trial court erred by excluding the testimony of his commercial real estate appraiser. Because Hall has provided this court with only a partial transcript of the trial that contains neither the motion by the Department to exclude the witness's testimony nor the ruling by the trial court, we must affirm the judgment of the trial court.

Rather than submit a complete transcript of the trial, Hall has furnished us with only the transcript of the proffer of the witness's testimony that the trial court excluded.[1] That portion of the transcript begins with the following statement by Hall's counsel:

> May it please the Court, at this point in time, I would proffer to the Court — the Court has excluded the testimony of [the expert] on a number of reasons, but I think primary among them was that [the expert] had the wrong appraisal date on his appraisal and also, that [the expert] had apparently made his appraisal based on certain statements taken at his deposition, based upon the premise that there was no rear access or drive-through ability through the rear of the property.

The court then permitted Hall to make his proffer of the witness's testimony outside the presence of the jury. At the conclusion of the proffer, the trial court stated, "The Court will adhere to its earlier ruling." The record on appeal, however, provided at Hall's direction,

---

[1] Additionally, Hall's notice of appeal does not state what items are to be omitted from the record. Instead, Hall has listed only the items to be submitted to this court. This, of course, is contrary to the requirements of OCGA § 5-6-37.

contains no indication of what the trial court's actual and complete ruling may have been, or what it was based upon. Based on the statement of Hall's counsel quoted above, we can see, however, that the court excluded the testimony for several reasons.

Under these circumstances, Hall has not provided us with the record necessary to decide his appeal. "The burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issues raised by the enumerations of error[ ] is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." (Citation and punctuation omitted.) *Graham v. Newsome*, 174 Ga. App. 351, 352 (2) (330 SE2d 98) (1985), rev'd on other grounds, *Newsome v. Graham*, 254 Ga. 711 (334 SE2d 183) (1985).

Further, even if we were somehow able to determine from the record presented that an error occurred, an appellant must show harm as well as error to prevail on appeal, *Baker v. Baker*, 194 Ga. App. 477, 480 (2) (390 SE2d 892) (1990), and from this limited record, it is impossible to tell whether other testimony in the case rendered this evidence harmless.

Accordingly, we must affirm the judgment of the trial court.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 13, 2004.

*Clark & Clark, Fred S. Clark, Ray C. Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Spiva, Lewis, Owens & Mulherin, George L. Lewis*, for appellee.