S04G0857. NAMIK et al. v. WACHOVIA BANK OF GEORGIA.

(612 SE2d 270)

BENHAM, Justice.

This appeal concerns the performance by Wachovia Bank of Georgia (hereinafter "Wachovia") of its duties as trustee of a trust. The settlor of the trust was General Ibrahim N. Ali (hereinafter "Ali"), a citizen and resident of Iraq, who traveled to Atlanta in March 1989 to visit his son, Issam Namik. During his visit, Ali purchased a six-month $2,650,000 certificate of deposit from Wachovia and met with Slaughter, a trust officer, who successfully solicited Ali to establish a revocable living trust. During a two-hour meeting at which the trust agreement was discussed, Ali verbally gave instructions for funding the trust six months later with the proceeds of the CD he had just purchased and for investing the proceeds only in U. S. government issues. When the CD matured in September 1989, Slaughter prepared a memorandum (hereinafter "the Slaughter memo") recounting the creation of the trust and Ali's instructions. The trust officer assigned to the account, unsuccessful in his efforts to contact Ali for further information on investment goals, invested the entire corpus in an income-tax-free money market fund where it remained for the life of the trust. Wachovia subsequently learned Ali had been imprisoned upon his return to Iraq, and was informed by Issam Namik in 1994 that Ali died in prison in Iraq in 1990. After Ali's estate paid almost $1.5 million in estate tax and interest, the beneficiaries of the estate (hereinafter "Namik") sued Wachovia on various theories based on their claim that investment of the funds in accordance with Ali's instruction would have avoided all the estate tax and interest because the funds of nonresident aliens are not subject to estate tax when invested in certain U. S. government issues. At trial, Namik put on evidence that a professional trustee in Wachovia's position should have known about the availability of investments for a person such as Ali which would have been exempt from estate taxes. A witness characterized Wachovia's failure to consider the estate tax consequences of its investment decisions as a fundamental mistake. Expert testimony was adduced to the effect that the trustee had two primary duties with regard to the trust at issue: to protect the corpus and to follow Ali's instructions. Based on that evidence, the trial court found Wachovia should have known investing the corpus as it did subjected the trust to a potential liability which eventuated, and Wachovia had a duty to invest the corpus in accordance with Ali's instructions memorialized in the Slaughter memo. Based on those findings, the trial court concluded Wachovia breached its fiduciary duty as trustee by failing to avoid estate taxes and by failing to follow Ali's instructions, and breached its contract by failing to invest Ali's funds in accordance with his

instructions. In an opinion addressing appeals by both sides of the litigation, the Court of Appeals reversed the judgment for Namik and rejected all of Namik's enumerations of error. *Wachovia Bank of Ga. v. Namik*, 265 Ga. App. 80 (593 SE2d 35) (2003). This Court granted the writ of certiorari to consider the correctness of the Court of Appeals' reversal of the judgment for Namik.

1. Before addressing the question of the correctness of the decision of the Court of Appeals reversing the trial court's ruling on breach of fiduciary duty and breach of contract, we must first address the issue of the admissibility of the Slaughter memo. This is so because Wachovia's knowledge of Ali's investment directions is key to consideration of whether its disregard for those instructions constituted a breach of its fiduciary duties as trustee and a breach of its contract with Ali.

The Court of Appeals held the Slaughter memo was admissible to explain the source of funding for the trust because that provision of the trust agreement was left blank, but was not admissible to specify the types of investments in which the funds were to be placed. The latter holding conflicts with the rule that

> [p]arol evidence is . . . admissible "to prove the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them." [Cit.]

*Beasley v. Paul*, 223 Ga. App. 706, 709-710 (478 SE2d 899) (1996). The fact that Wachovia relied upon the Slaughter memo to provide instruction regarding the source of funds for the trust shows that the trust agreement was not the entire agreement between the parties. Thus, the memo was admissible to explain any matter on which the trust agreement was silent, so long as the memo was not inconsistent with the trust terms. Id. One topic on which the trust agreement was silent was Ali's instructions regarding the specific types of investment vehicles in which he wanted his money invested. The grant of discretion to the trustee "to hold, manage, invest, and reinvest" the corpus of the trust and the incorporation by statutory reference of extensive powers exercisable by the trustee was not a statement of investment preference by Ali; as to that, the trust agreement itself is silent. That being so, the rule stated in *Beasley*, supra, requires a finding that the memo was admissible to explain Ali's intention with regard to the type of investment vehicle in which he wanted his money invested.

The Court of Appeals also found the Slaughter memo inadmissible as "parol evidence of an understanding arrived at subsequent to the contract as to the meaning of the prior writing. . . ." *Wachovia Bank of Ga. v. Namik,* supra at 85. That holding is inconsistent with the holding that the Slaughter memo was admissible to explain the source of funding for the trust, and does not comport with the record. If the date of the contract is the date on which Ali executed the trust agreement and conveyed his unequivocal investment instructions to a trust officer acting on Wachovia's behalf, the understanding was arrived at contemporaneously with the agreement. If the date of the contract is the date the trust was funded and Wachovia's own trust officer memorialized Ali's instructions, the record of the understanding was contemporaneous with the agreement. Either way, the memo cannot accurately be viewed as an understanding arrived at subsequent to the contract. Thus, because the ambiguity in the trust agreement regarding the types of instruments in which Ali's funds could be invested authorized consideration of parol evidence and because the Slaughter memo cannot accurately be characterized as parol evidence of an understanding arrived at subsequent to the contract, the Court of Appeals erred in holding the Slaughter memo was inadmissible to establish Ali's instruction to Wachovia regarding the types of instruments in which his funds could be invested.

2. Namik alleged in this case and the trial court found that Wachovia breached its fiduciary and contractual duties by failing to consider the potential estate tax consequences involved in investing the funds of a nonresident alien and by failing to comply with Ali's instructions for the investment of his funds. The Court of Appeals reversed the judgment for Namik on the ground that Wachovia had no duty to engage in estate planning on Ali's behalf. Wachovia attempted to focus the trial court on that issue, but the duty to engage in estate planning was not the basis for the judgment against Wachovia. The core issue at trial was whether Wachovia complied with its duty as trustee to "exercise the judgment and care, under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use to attain the purposes of the account." OCGA § 53-12-287 (b). Both parties put on evidence regarding the circumstances of this trust account, what a prudent person in the capacity of trustee "and familiar with such matters" would have known when the trust was established in 1989, and what judgment and care such a person would exercise under the circumstances. Although the testimony at trial was in conflict, there was evidence to support the trial court's finding that Wachovia should have been aware of the potential estate tax consequences of its investment decisions and should have invested in accordance with Ali's instructions memorialized in the Slaughter memo.

The Court of Appeals' focus in its opinion on the lack of specific statutory requirements to consider estate tax consequences or to be aware of tax laws which it labels "obscure" misses the point. Notwithstanding the absence of such specific statutory requirements, the evidence authorized the trial court to find, as it did, that a trustee in Wachovia's position should have been aware of the consequences of not following Ali's instructions and of investing as it did. Those findings supported the trial court's conclusion that Wachovia's failure to be aware of such consequences and to comply with Ali's instructions constituted a failure to "exercise the judgment and care, under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use to attain the purposes of the account." OCGA § 53-12-287 (b).

"On appeal the evidence must be construed to uphold the verdict which has the approval of the trial judge and if there is any evidence to support a verdict it must be affirmed. [Cit.]" *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 135 (1) (327 SE2d 192) (1985). The trial court's findings in this case, being analogous to a jury verdict (*Hamil v. Stanford*, 264 Ga. 801 (1) (449 SE2d 118) (1994)), are entitled to the same deference on appeal. Since the trial court's findings supported its judgment that Wachovia was liable for breach of fiduciary duty and breach of contract (*C & S Nat. Bank v. Haskins*, supra), its judgment should have been upheld. The Court of Appeals erred in reversing that judgment.

3. In addressing Namik's contentions on appeal that the damages awarded by the trial court were insufficient, the Court of Appeals ruled that those enumerations of error were rendered moot by its reversal of the judgment on the basis of liability. The Court of Appeals also rejected, in part on the basis of the inadmissibility of the Slaughter memo, Namik's contention that he had a cause of action pursuant to *Wachovia Bank of Ga. v. Reynolds*, 244 Ga. App. 1 (533 SE2d 743) (2000), for Wachovia's disregard of Ali's instructions. Since we have decided the Court of Appeals erred in ruling the Slaughter memo inadmissible and in reversing the trial court's finding of liability for breach of fiduciary duty and breach of contract, the issues not addressed in the decision under review must be addressed by the Court of Appeals upon remittitur in a manner consistent with our holdings in this opinion.

*Judgment reversed and case remanded with direction. Fletcher, C. J., Sears, P. J., Hunstein, Thompson and Hines, JJ., and Judge James F. Bass, Jr., concur. Carley, J., disqualified.*

DECIDED APRIL 14, 2005.

*Kaufman, Chaiken, Miller & Klorfein, Robert J. Kaufman, Stephen R. Klorfein, Jason S. Adler, Perrell & Wright, Charlotte K. Perrell,* for appellants.

*Powell Goldstein, William J. Linkous, Jr., David G. Ross, Nicole J. Wade,* for appellee.