S07A0703. TAVAKOLIAN v. SCOTT et al.
(652 SE2d 542)

BENHAM, Justice.

Gholamreza Tavakolian appeals from an adverse judgment in an action to set aside a tax deed. As set out in a special master's report which was adopted by the trial court, the property involved was sold by DeKalb County to Diane Howard at a tax sale in 1997. Tavakolian later obtained a quitclaim deed to the property from a person alleged to be the executor of the estate of the delinquent taxpayer. In 2004, appellee/intervenor William B. Fokes III obtained a quitclaim deed to the property from Howard and began foreclosing the equity of redemption. In 2005, Tavakolian filed suit against Tom Scott, tax

commissioner of DeKalb County, to set aside the tax deed; Fokes, permitted to intervene as a defendant, filed an answer and a counterclaim seeking to quiet title; and the tax commissioner filed a third-party complaint against Fokes. The trial court appointed a special master whose report found Fokes's title to be good. The trial court entered a judgment approving the report of the special master and adopting it as the order of the trial court, and subsequently denied Tavakolian's motion for new trial.

Most of the issues Tavakolian seeks to raise on appeal require consideration of the validity of the findings of fact made by the special master and the conclusions of law based on those findings. However, Tavakolian did not cause a transcript of the hearing before the special master to be made and included in the record on appeal. Where, as here, "[t]here is no transcript of the evidence[,] . . . we must conclude the evidence supported the trial court's findings of fact which in turn support the judgment." *Redding v. Raines*, 239 Ga. 865 (1) (239 SE2d 32) (1977). Similarly, Tavakolian's contention the trial court erred in ordering him to file a motion to tender the redemption price into the registry of the court is not supported by the record since no such order appears there.

Finally, Tavakolian contends the trial court erred in failing to adjudicate a third-party complaint by DeKalb County against Fokes and in holding on motion for new trial that DeKalb County was not a party to this action. The third-party complaint to which Tavakolian refers was not filed by DeKalb County, but by the tax commissioner who claimed that if he had any liability to Tavakolian, Fokes was liable over to him. The failure to adjudicate the third-party complaint presents no basis for reversal because the third-party complaint was rendered moot by the finding that the tax commissioner had no liability. See *S. M. & M. Realty Corp. v. Highlands Ins. Co.*, 123 Ga. App. 170, 171 (179 SE2d 781) (1971). While Tavakolian may have been confused by language in appellee Scott's answer and third-party complaint in which he purported to act for DeKalb County, the record is clear that DeKalb County was not made a party to this case. Only Scott was named as a defendant and only Fokes was permitted to intervene as a defendant. That being so, the trial court's holding that DeKalb County was not a party was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

Gholamreza Tavakolian, *pro se*.

*Stephen E. Whitted, Garner & Still, James W. Garner, McLarty, Robinson & Van Voorhies, John E. Robinson,* for appellees.