A07A1920, A07A2155. WATERS et al. v. ELLZEY; and vice versa.
(660 SE2d 392)

BLACKBURN, Presiding Judge.

In these consolidated appeals concerning access rights to a boating dock, Robert Ellzey in Case No. A07A2155 appeals that portion of the trial court's judgment which adopted a special master's report and awarded dock easement rights to John and Donna Waters (collectively "the Waters") on the grounds of estoppel and OCGA § 44-9-4. In Case No. A07A1920, the Waters appeal that portion of the special master's report and trial court's judgment which refused to award them prescriptive easement rights to the dock or to address their alleged rights to the river. Only half of the trial transcript was included in the appellate record. Being therefore unable to review the various challenges to the evidentiary basis for the judgment, and otherwise discerning no error, we affirm in both cases.

The deeds in the record show that in the 1950s and 1960s, a landowner subdivided his property, and in 1962 sold a portion to the Waters' predecessor-in-interest with a deed that purported to also grant to the Waters' predecessor free and unimpeded rights to use a boating dock on a nearby river. The Waters eventually purchased their property in 1974 and received a deed that also purported to grant them free and unimpeded rights to use the river dock. After the original landowner's death, his heirs sold his interest in the dock and in the lot on which the dock was located to Ellzey's predecessor-in-interest, which 1977 deed was expressly subject to any valid easements of record. When Ellzey purchased his property in 2002, his deed was expressly subject to any easements of record.

The above is based on the deeds introduced into evidence and included in the record. However, because an entire day's worth of testimony (out of the two-day trial) was not recorded by the parties, the appellate record is incomplete as to other events occurring over the last 40-plus years concerning the properties and the dock. What testimony is of record (construed in favor of the trial court's judgment, *Davis v. Walker*[1]), when considered in conjunction with the findings of fact by the special master as adopted by the trial court, shows that the Waters and at least one of their predecessors continuously moored a boat at and used the dock (accessing it via foot over a path and via vehicle over a road on Ellzey's predecessors' land) throughout the last 40 years, with Ellzey's predecessors unreservedly acknowledging their right to do so. Even though expressly aware (at the time he purchased his property in 2002) of the dock rights in Waters' deed and

---

[1] *Davis v. Walker*, 288 Ga. App. 820, 821 (1) (655 SE2d 634) (2007).

of their open and public access to and use of the dock,[2] Ellzey within days of purchasing his property "terminated" the Waters' rights to the dock and forbade them from further accessing or using the dock.

The Waters brought an action against Ellzey to enjoin him from impeding their use of the dock and from hindering their access to the dock via the path and road over his land. With the consent of the parties, the court referred the matter to a special master, who conducted a trial over two days. The first day was not reported but the second day was (a transcript of which is included in the record). The special master found against the Waters on their claim of an express easement, reasoning that such was invalid since prior to granting the dock easement rights to the Waters' predecessor-in-interest, the original landowner had conveyed an undivided half-interest in the dock to a third party, which third party did not join in granting easement rights to this or any of the Waters' predecessors-in-interest or to the Waters. See *Charleston &c. R. Co. v. Fleming*[3] ("[i]t is well settled that where land is owned by several tenants in common, no easement in the land can be conveyed by any except the entire number of the cotenants"). Based on findings of fact from the evidence, the special master further rejected the Waters' claims of implied easement and of prescriptive easement. However, the special master did find that the Waters and their predecessors had an express license to use the dock, which became irrevocable due to expenditures on the dock in reliance on that license. See OCGA § 44-9-4. He further found that they had an implied easement of necessity to access the dock via the road but not via the path.

The trial court adopted the findings and conclusions of the special master and entered judgment accordingly. In Case No. A07A2155, Ellzey appeals that portion of the judgment awarding the Waters easement rights to the dock and over the road. In Case No. A07A1920, the Waters appeal that portion of the judgment denying their claim of prescriptive easement and refusing to separately recognize their rights to the river in addition to their rights to the dock.

### Case No. A07A2155

1. Ellzey sets forth seven enumerations of error, which for the most part depend on arguments concerning what the evidence did and did not show. When reviewing a trial court's order that adopted a special master's report, we affirm the trial court's judgment if there

---

[2] Indeed, Ellzey negotiated a lower price for his property because of the Waters' well-known use of the dock.

[3] *Charleston &c. R. Co. v. Fleming*, 118 Ga. 699, 702 (2) (45 SE 664) (1903).

is any evidence to support it. *Cernonok v. Kane*.[4] Unfortunately, we have only an arbitrary portion of the evidence in the record before us, as only one of the two trial days was reported and transcribed. No effort was made to recreate the missing day. Cf. OCGA § 5-6-41 (g).

> The burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issues raised by the enumerations of error is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.

(Punctuation omitted.) *Hall v. Ga. Dept. of Transp.*[5] Thus, where "no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed." (Punctuation omitted.) *Watkins v. Rutland*.[6] See *Simmons v. Bearden*.[7]

Here, Ellzey's arguments concerning each of his seven enumerations of error raise factual issues that cannot be resolved without the complete transcript. For example, in his first enumeration ("[t]he trial court erred in finding that Waters obtained a license to use and access Ellzey's dock"), Ellzey argues in his brief that "Waters did not offer any evidence that [their] claim of a license was based on a parol grant. . . . Given that neither Waters nor any other witness offered any testimony of an alleged parol license, the Special Master had nothing [on which] to base a finding of a parol license." Without a complete record of the testimony, we cannot review this enumeration, particularly in light of the Waters' counter-argument in their brief that "there were . . . numerous discussions and conversations which provide evidence of parol license."

The other enumerations of error are supported in the brief by similar arguments about what evidence was or was not presented.[8] Accordingly, because the transcript before us is missing an entire

---

[4] *Cernonok v. Kane*, 280 Ga. 272, 273 (1) (627 SE2d 14) (2006).

[5] *Hall v. Ga. Dept. of Transp.*, 269 Ga. App. 546, 547 (604 SE2d 622) (2004).

[6] *Watkins v. Rutland*, 281 Ga. 535 (640 SE2d 289) (2007).

[7] *Simmons v. Bearden*, 277 Ga. 800, 801 (2) (596 SE2d 136) (2004).

[8] Enumeration two claims that the Waters presented no evidence that either they or their predecessors-in-title expended funds necessary to enjoy use of the dock; enumeration three spends several pages arguing specific examples showing that "the Special Master made a number of factual conclusions which are not supported by the testimony or evidence in the record"; enumeration four argues that because (for the factual reasons argued earlier) Waters had no right to the dock, Waters could have no implied right to access the dock via the road; enumeration five contends that the evidence showed that no vehicular traffic was allowed on

day's testimony, we cannot review these enumerations for the most part. See *Tavakolian v. Scott*.[9]

2. There are a few legal issues raised by Ellzey that we can review without a complete transcript. First, Ellzey claims that the special master's findings of fact do not set forth sufficient findings to justify the conclusions of law. However, Ellzey made no post-judgment motion under OCGA § 9-11-52 (c) to have the court amend its findings or make additional findings. "[A]n appellant who intends to argue that the trial court's findings are inadequate or incomplete waives that argument by failing to make the post-judgment motion referenced in OCGA § 9-11-52 (c)." *Hampshire Homes v. Espinosa Constr. Svcs.*[10]

Second, Ellzey argues that the special master erred in holding that Georgia law recognizes the concept of easement by estoppel. However, the ripening of a license under OCGA § 44-9-4 into an easement because of the expenditure of funds in reliance thereon has often been described as an application of the doctrine of equitable estoppel. See, e.g., *Berolzheimer v. Taylor*;[11] *Ainslie v. Eason & Waters*;[12] *Harper Investments v. Dept. of Transp.*[13]

Third, Ellzey contends that the finding of a right to use the dock did not authorize the special master to find an easement over the road to access the dock. However, such implied easements by necessity are recognized under Georgia law. See *Slade v. Rudman Resources*[14] (" '[o]ne who grants a thing is deemed also to grant that within his ownership without which the grant itself will be of no effect' "); *Jones v. Mauldin*.[15]

Because Ellzey's factual arguments are unreviewable and his legal arguments lack merit, we affirm in Case No. A07A2155.

## Case No. A07A1920

3. In their appeal, the Waters argue that the special master erred in requiring them to show repairs or notice under OCGA § 44-5-161

---

the easement; enumeration six claims that no evidence showed the establishment of a parking area; and enumeration seven argues that Waters presented no evidence establishing the existence of a private way.

[9] *Tavakolian v. Scott*, 282 Ga. 578, 579 (652 SE2d 542) (2007).

[10] *Hampshire Homes v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 720 (1) (655 SE2d 316) (2007).

[11] *Berolzheimer v. Taylor*, 230 Ga. 595, 599 (198 SE2d 301) (1973).

[12] *Ainslie v. Eason & Waters*, 107 Ga. 747, 749 (33 SE 711) (1899).

[13] *Harper Investments v. Dept. of Transp.*, 251 Ga. App. 521, 525 (2) (554 SE2d 619) (2001).

[14] *Slade v. Rudman Resources*, 237 Ga. 848, 849 (230 SE2d 284) (1976).

[15] *Jones v. Mauldin*, 208 Ga. 14, 15-16 (1) (a) (64 SE2d 452) (1951), overruled on other grounds, *Cawthon v. Douglas County*, 248 Ga. 760, 763 (1) (286 SE2d 30) (1982).

(b) so as to establish their claim to a *prescriptive* easement to the dock. They claim that because their use of the easement to the dock was not permissive in nature, such did not need to be shown. We hold that their use, which was based on a common belief that they had the right to do so per their deed language, was permissive in nature and therefore required a showing of notice to Ellzey's predecessors-in-interest of an adverse claim.

> To allow a person to acquire prescriptive rights over the lands of another is a harsh result for the burdened landowner. Thus, Georgia courts have strictly construed the elements of OCGA § 44-9-1 against the party who asserts a right of entry over the lands of another. If the prescriber fails to show any of the elements necessary to establish prescriptive rights, he cannot recover.

(Footnotes omitted.) *Moody v. Degges.*[16] One element is that the use must be adverse rather than permissive. Id. Here, the Waters' (and their predecessors') use was clearly permissive, as it was based on their understanding and the understanding of Ellzey's predecessors that the use was based on the mutually agreed upon language of the respective deeds, which stated that the Waters and their predecessors had bargained for and received free and unimpeded use of and access to the dock. This is a patent showing of a permissive use. Since the special master found that no repairs or other notice of adverse use informed Ellzey's predecessors otherwise, the special master correctly found that an essential element of prescriptive easement was not present. See *Eileen B. White & Assoc. v. Gunnells.*[17]

4. The Waters complain that the special master made no separate finding that they were entitled to access the river in addition to being entitled to access the dock. However, since access to the dock necessarily gave them access to the public river, this enumeration is moot.

5. Finally, the Waters contend that the special master erred in denying their claim to an easement by equitable estoppel (i.e., an irrevocable license under OCGA § 44-9-4) on the road and path. Specifically, they claim that the special master erred in not finding that they had incurred expenditures related to the road and path in reliance on the license. This, of course, is a factual issue that cannot be reviewed without a complete transcript, particularly in light of Ellzey's arguments in his brief that no evidence showed such expenditures were incurred. See *Tavakolian*, supra, 282 Ga. at 579.

---

[16] *Moody v. Degges*, 258 Ga. App. 135, 137 (573 SE2d 93) (2002).
[17] *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 361-362 (434 SE2d 477) (1993).

*Judgment affirmed in both cases. Miller and Ellington, JJ., concur.*

DECIDED MARCH 21, 2008 —
RECONSIDERATION DENIED APRIL 2, 2008 —

*Royal & Vaughn, Jeffrey S. Vaughn,* for appellants.
*Donald E. Dyches, Jr.,* for appellee.