## A08A1170. COX INTERIOR, INC. v. BAYLAND PROPERTIES, LLC et al.

### (667 SE2d 452)

JOHNSON, Presiding Judge.

Cox Interior, Inc. and Bayland Properties, LLC entered into a contract on January 7, 2005 for Cox to provide interior trim and doors for a house which Bayland was building. Mike Bayani is the sole owner of Bayland and guaranteed the contract (hereinafter Bayland and Bayani are both referred to as "Bayland"). The trial court found that during the course of providing materials to Bayland, Cox made numerous errors, including (1) sending extraneous materials not ordered by Bayland, (2) failing to send the correct materials ordered by Bayland, (3) failing to send the correct quantity of materials ordered by Bayland, and (4) sending incorrectly manufactured materials. The trial court also found that Cox did not apply discounts and credits owed to Bayland pursuant to the contract. In addition, during one delivery, Cox's delivery truck collided with the garage wall of the house, causing damage to the wall.

Although Cox's original estimate for trim was $10,667.12 and its estimate for interior doors was $11,571.46, Cox invoiced Bayland for $49,161.61 worth of materials. On October 10, 2005, Cox filed a lien against the property on which the house is located in the amount of $10,146.29. Cox subsequently sued Bayland to collect the amount it claimed Bayland owed. Following a bench trial, the trial court found in favor of Bayland, and awarded attorney fees to Bayland. Cox appeals, alleging the trial court erred in (1) ruling that Cox failed to prove its case by a preponderance of the evidence, (2) finding that Bayland proved it was entitled to credits and that no amount was owed by Bayland to Cox, and (3) ruling that Bayland was entitled to an award of attorney fees based upon Cox's alleged bad faith and/or malicious prosecution of the claim. We find no error in the trial court's judgment on the merits of the claim, but reverse the trial court's award of attorney fees to Bayland.

1. Cox contends the trial court erred in ruling that it failed to prove its case by a preponderance of the evidence and in finding that Bayland was entitled to credits, resulting in no amount owed by Bayland to Cox. We disagree.

The plaintiff in a civil matter has the ultimate burden of proving its case by a preponderance of the evidence.[1] And a trial court's findings of fact in a bench trial are reviewed under a clearly erroneous standard.[2] Such a standard gives the proper deference to the trial court, which is in the best position to judge the credibility of witnesses.[3] We will not disturb the trial court's findings if there is any evidence to support them, and we view the evidence in the light most favorable to support the trial court's verdict.[4]

At trial, Cox contended it was entitled to collect all amounts contained in its invoices to Bayland. However, the evidence at trial demonstrated that the invoices relied upon by Cox were not accurate. Representatives of Cox were unable to substantiate all the amounts invoiced, and they provided testimony inconsistent with the amounts invoiced. In addition, Bayland presented evidence that the invoices contained incorrect charges, and Bayland tendered evidence delineating the credits and discounts credits that should have been applied by Cox. The trial court was within its discretion to disregard Cox's accounting statements and accept Bayland's testimony regarding overcharges.[5] These findings are supported by the evidence introduced at trial, and we will not substitute our judgment for that of the trier of fact.

The trial court took the total charges invoiced ($49,161.61), subtracted the credits and discounts applied by Cox ($9,824.21), subtracted payments by Bayland ($29,838.48), subtracted additional credits and discounts proven to be owed to Bayland (approximately $9,500), and concluded that Bayland did not owe any money to Cox. We find no error in this analysis.

2. Cox asserts the trial court erred in awarding attorney fees to Bayland. Bayland admits that the trial court erred in awarding attorney fees to Bayland under OCGA § 13-6-11 since Bayland was the defendant below. Bayland further acknowledges that the trial court's award of attorney fees under OCGA § 51-7-80 was premature. A claim under OCGA § 51-7-80 is premature and cannot be entertained until the underlying litigation has concluded.[6] The trial court's award of attorney fees to Bayland is accordingly reversed.

---

[1] See *Anderson v. Poythress*, 246 Ga. 435 (1) (271 SE2d 834) (1980); *Courson v. Pearson*, 132 Ga. 698, 699-700 (64 SE 997) (1909).

[2] See *City of McDonough v. Tusk Partners*, 268 Ga. 693, 696 (492 SE2d 206) (1997).

[3] See *AT&T Corp. v. Property Tax Svcs.*, 288 Ga. App. 679, 680 (655 SE2d 295) (2007).

[4] See *Jenkins v. Sallie Mae, Inc.*, 286 Ga. App. 502 (649 SE2d 802) (2007).

[5] *Bowen Builders Group v. Reed*, 252 Ga. App. 54, 56 (555 SE2d 745) (2001) (it is the function of the trier of fact to resolve any conflicts in the testimony of witnesses).

[6] See OCGA § 51-7-84 (b); *McCullough v. McCullough*, 263 Ga. 794, 795 (3) (439 SE2d 486) (1994).

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 19, 2008.

*Robert S. Grot*, for appellant.
*Adam M. Hames*, for appellees.