## A09A1213. OGLE v. WATERS et al.
(686 SE2d 821)

BARNES, Judge.

H. Lance Ogle sued Scott Waters for breach of fiduciary duties and sued HQ Enterprises, Inc., a commercial construction corporation owned by the two men, for dissolution. Waters and HQ counterclaimed for breach of fiduciary duty, money had and received, and conversion. During trial the court directed a verdict for Waters on Ogle's claims against him for breach of duty. The jury then found for Waters on his breach of duty claim against Ogle, found that Ogle owed HQ $19,457, and found that upon dissolution of the corporation all of its assets should be distributed to Waters. Ogle appeals the judgment entered on the verdict, and we affirm.

1. Ogle contends that the trial court erred in granting a directed verdict on his fiduciary duty claims against Waters, and erred in its response to a jury question regarding the verdict form. Waters replies that Ogle only submitted a partial trial transcript on appeal, and thus the motion for directed verdict, the trial court's ruling and reasoning, and any objection Ogle may have made to the ruling are not presented for review. Rather than submit a complete transcript of the trial, Ogle has furnished us with only a portion of the trial, including Ogle's cross-examination of Waters during Ogle's case in chief, Ogle's motion for a directed verdict on Waters' counterclaim for conversion, HQ's motion for a partial directed verdict on liability and damages, discussions of the verdict form, the charge conference, and the jury's question during deliberation followed by the court's answer.

The trial court should grant a directed verdict only if the evidence contains no conflict as to any material issue and demands a particular verdict, as construed in favor of the party opposing the motion for a directed verdict. *Continental Maritime Svcs. v. Maritime Bureau*, 275 Ga. App. 533 (621 SE2d 775) (2005). Because Ogle has provided this court with only a partial transcript of the trial that contains neither Waters' motion for a directed verdict nor the ruling by the trial court, we must affirm the judgment of the trial court. *Hall v. Ga. Dept. of Transp.*, 269 Ga. App. 546 (604 SE2d 622) (2004).

A claim for breach of fiduciary duty requires proof of three elements: the existence of the duty; its breach; and damages caused by the breach. *Bienert v. Dickerson*, 276 Ga. App. 621, 623 (2) (624 SE2d 245) (2005). Ogle argues that Waters' testimony on cross-examination, which is the only testimony included in the record, is

sufficient to show that a question of fact existed regarding Ogle's breach of fiduciary duty claim. Specifically, Waters testified that he recorded the wages of day laborers on the corporate books as equipment so he would not have to pay taxes on hired help the company used only for a job or two, thus lowering HQ's tax bill. Ogle argues that Waters' actions "exposed the company, [Waters,] and most importantly, Mr. Ogle to an action by the State of Georgia and the IRS. . . . As a co-owner of the company, Mr. Ogle is responsible for the back taxes, interest and penalties."

As Waters points out in his response, the record contains no evidence that Waters' actions in listing contract day labor expenses as equipment expenses altered the company's tax liability or damaged the corporation, that the company was audited, or that any additional tax liabilities were ever assessed. Additionally, Waters could not be held individually liable for corporate debts absent evidence allowing his debtor to pierce the corporate veil. See *Abbott Foods &c. v. Elberton Poultry Co.*, 173 Ga. App. 672, 673 (2) (327 SE2d 751) (1985). In fact, the record does not even contain Ogle's objection to the ruling, only his concession during his motion for a directed verdict on Waters' counterclaim for conversion that he "went down in flames on fiduciary duty because there was some inference available from some documents I thought, but it wasn't evidence." Accordingly, because the record contains no evidence Waters breached his fiduciary duty to HQ or to Ogle, the trial court did not err in granting his motion for a directed verdict on that claim.

2. Ogle contends the trial court erred in its response to a question from the jury and allowed it to consider a claim Waters had waived. The court drafted a special verdict form, which went through numerous iterations before the final version was submitted to the jury. The verdict form included four sections. In the first section, the jury could find that Ogle owed HQ for personal expenses charged to the company, and if so, how much; in the second section, the jury could find that Ogle had retained HQ equipment and if so, what was its value, which would be an asset of the company; and in the third section the jury could find that Ogle did not retain equipment. In the final section of the verdict form the jury determined the value of the company assets, other than any amount Ogle owed to it, and the value of the company liabilities, which would be satisfied before any assets were distributed.

After deliberating for some time, the jury sent out the following question: "Where on the verdict do we put the loan amount by Ogle? $7,200[.] For the portion of the verdict that pertains to personal expenses charged to HQ, do we add the $7,200 of loans/additional draws to the total personal credit card charges of ~ $5,000?" Waters proposed that the court answer by saying, "yes, if you consider the

loan to be owed it should get added to the personal expenses." Ogle objected that Waters and HQ "argued a loan due, but they agreed to the verdict form," and now wanted to add "a category of loans" to the personal expenses. The trial court noted that Waters had always maintained a claim for the $7,200 loan or draw that Ogle received, and responded to the jury question by sending them this written response: "All amounts that you find that are owed by Plaintiff Ogle to Defendant HQ and are not related to equipment or supplies should be reflected in the first paragraph of the verdict form."

"The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." (Punctuation omitted.) *Leavitt v. State*, 264 Ga. 178, 179 (4) (442 SE2d 457) (1994). In this case, even absent a complete transcript, it is clear that the parties contemplated throughout the trial that repayment of this loan was an issue. The parties specifically discussed it after Ogle renewed his motion for a directed verdict on Waters' conversion claim, a few hours before the jury asked its question. The trial court noted then that a question of fact existed regarding the $7,200 "loan." Accordingly, and particularly in light of the truncated trial transcript which limits the information available for our review, we cannot find that the trial court abused its discretion in responding to the jury's question.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 13, 2009.

*David L. Tank*, for appellant.
*Steven J. Strelzik, Mary Trachian-Bradley*, for appellees.