### A11A1016. EMERSON v. BROOKMERE HOMEOWNERS ASSOCIATION, INC.
#### (715 SE2d 775)

ELLINGTON, Chief Judge

Pursuant to a granted discretionary appeal, Regina Emerson challenges an order of the Superior Court of Cobb County that granted partial summary judgment to Brookmere Homeowners Association, Inc., on its claim for attorney fees pursuant to OCGA § 13-6-11, in the amount of $5,000.[1] For the following reasons, we reverse.

The relevant, undisputed facts show Emerson owns property in the Brookmere subdivision. Brookmere filed suit against Emerson to foreclose on a lien and to collect unpaid homeowners association assessments, fines, late fees, interest, court costs, and assessed attorney fees "actually incurred in collecting past due assessments and for foreclosure upon the Association's lien," pursuant to OCGA § 13-6-11. Emerson answered and counterclaimed for breach of contract, fraud, and breach of fiduciary duty. Brookmere moved to strike Emerson's answer based upon her failure to verify her complaint. In the alternative, Brookmere moved for summary judgment on its claims and on Emerson's counterclaims. After a hearing, the trial court denied the motion to strike and denied the motion for summary judgment with respect to Counts 1 and 2 of Brookmere's complaint, the claims for unpaid assessments and for judicial foreclosure. However, the trial court granted summary judgment on Count 3, the claim for attorney fees, and awarded Brookmere $5,000 "for reasonable attorney's fees and expenses of litigation which Plaintiff incurred in defending Defendant's counterclaims." The trial court also granted summary judgment in favor of Brookmere on Emerson's counterclaims.

Emerson contends the trial court erred in granting summary judgment on Brookmere's claim for OCGA § 13-6-11 attorney fees.

---

[1] Brookmere contends this appeal should be dismissed because the order appealed is nonfinal and Emerson failed to follow the interlocutory appeal procedure. Because this appeal is taken from a partial grant of summary judgment, however, it is subject to review pursuant to OCGA § 9-11-56 (h). Further, the appeal was properly brought pursuant to the discretionary appeal procedure, because the award was less than $10,000. OCGA § 5-6-35 (a) (6).

We agree. Under OCGA § 13-6-11, the

> expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

Under the plain language of this statute, only a plaintiff is eligible to recover the expenses incurred in prosecuting his or her claim; a defendant's expenses of defending against a claim are not recoverable. *Dennis-Smith v. Freeman*, 277 Ga. App. 822, 825 (3) (627 SE2d 872) (2006) ("OCGA § 13-6-11 does not permit recovery of expenses incurred in *defending* a lawsuit."); see *Cox Interior v. Bayland Properties*, 293 Ga. App. 612, 613 (2) (667 SE2d 452) (2008) (accord).

In this case, Brookmere requested, and the trial court awarded, OCGA § 13-6-11 attorney fees resulting from its successful defense against the counterclaims brought by Emerson. Because Brookmere was the counterclaim defendant, it was not entitled to attorney fees under OCGA § 13-6-11.[2] Consequently, because the trial court's award was unauthorized, we must reverse.

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 8, 2011.

*Evans Adika, Selasi E. Adika*, for appellant.

*Lazega & Johanson, Karen S. Focia, Alisa B. Steinberg*, for appellee.

---

[2] Although Brookmere may have been entitled to attorney fees resulting from its defense against Emerson's counterclaims under OCGA § 9-15-14, it failed to request them.